UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BEAM

v.

Case No.: 8:15-cv-2562-T-24-TGW
8:14-cr-34-T-24-TGW

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner's Motion for Leave to Appeal *in Forma Pauperis.* (Doc. 24). Petitioner seeks to appeal the Court's denial of his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 21). For the following reasons, the motion is DENIED.

In his § 2255 motion, Petitioner argued his trial counsel was ineffective, first, for failing to file a series of pretrial motions and, second, for failing to contest sentencing enhancements concerning Petitioner's leadership role and his import of a controlled substance. The Court found his first argument meritless because, among other reasons, Petitioner waived his right to raise these arguments when he pleaded guilty. (Doc. 21 at 6). The Court found his second argument meritless because his trial counsel did challenge the leadership role enhancement, and because Petitioner's sworn statements during his plea colloquy established Petitioner knew he was importing an illegal drug. (Doc. 21 at 6–7).

Additionally, in reliance on *McFadden v. United States*, 135 S. Ct. 2298 (2015), Petitioner argued the Government failed to establish Petitioner knew he was dealing with a "controlled substance" and, absent proof that Petitioner had such knowledge, Petitioner should not have been prosecuted for violating the Controlled Substances Act, 21 U.S.C. § 841(a)(1).

Setting aside the questions of whether *McFadden* was cognizable and applicable retroactively to Petitioner's § 2255 motion, the Court rejected Petitioner's argument and concluded Petitioner's sworn statements and admissions established he knew he was dealing with a controlled substance. (Doc. 21 at 8).

A petitioner cannot appeal *in forma pauperis* if this "[C]ourt certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is 'frivolous,' or 'has no substantive merit.'" *Hunter v. Easterling*, 2010 WL 3283366, at *1 (M.D. Ala. Aug. 18, 2010) (citations omitted).

Upon review, the Court finds Petitioner's appeal has no substantive merit, and thus, it is not made in good faith. Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion for Leave to Appeal *in Forma Pauperis* (Doc. 24) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 18th day of October, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro se* Defendant
Eleventh Circuit Court of Appeals